IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JOHN O. WAITS, *as Administrator of the Estate of Jared A. Waits, deceased*,<br><br>Plaintiff,<br><br>v.<br><br>KUBOTA TRACTOR CORPORATION, *et al.*,<br><br>Defendants. | 7:19-cv-01080-LSC |

## MEMORANDUM OF OPINION

Plaintiff John O. Waits ("Waits") originally filed this action in the Circuit Court of Tuscaloosa County, Alabama. Waits seeks punitive damages for the wrongful death of his decedent, Jared A. Waits, an Alabama citizen, resulting from the operation of a Kubota tractor with no Falling Object Protection System ("FOPS"). Waits sued several defendants for common law negligence, wantonness, and pursuant to the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), including several Japanese corporations who designed and manufactured the allegedly defective tractor (collectively the "Kubota Defendants"); Marty Sanders ("Sanders"), an individual and citizen of Alabama;

and Martin Truck & Tractor Company, Inc. ("Martin Tractor"), a corporation and citizen of Alabama.

On July 10, 2019, the Kubota Defendants removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1.) The Kubota Defendants subsequently filed a motion (doc. 5) requesting that this Court not remand the case back to state court, alleging that Waits had fraudulently joined nondiverse Defendants Sanders and Martin Tractor in an effort to defeat this Court's subject matter jurisdiction. This Court set a briefing scheduling on the issue of fraudulent joinder. In response, the Kubota Defendants timely filed a brief arguing that Defendants Sanders and Martin Tractor were fraudulently joined. (Doc. 9.) Waits timely filed his response. (Doc. 15.) Subsequently, the Kubota Defendants filed a reply. (Doc. 19.)

For the reasons stated below, this Court lacks subject matter jurisdiction over this action, and therefore the Kubota Defendants' motion (doc. 5) is due to be DENIED, and this matter is due to be REMANDED to the Circuit Court of Tuscaloosa County, Alabama. Further, the Motions to Dismiss filed by Defendant Martin Tractor (doc. 14) and Defendant Sanders (doc. 20); the Motion for HIPAA Order filed by the Kubota Defendants (doc. 24); and the Motion for Extension of

Time (doc. 25) are due to be resolved by the state court, as this Court has no subject matter jurisdiction over this case.

## I. BACKGROUND[1]

Waits purchased a Kubota tractor and accompanying front-end loader from Martin Tractor for use on his personal farm. Sanders, a Martin Tractor employee, sold the tractor to Plaintiff. The tractor did not have a FOPS. "[Waits's] decedent, Jared Waits, was using the tractor to move branches on [Waits's] farm when a branch traveled over the top of the front-end loader and struck [Waits's] decedent in the forehead, killing him." (Doc. 1-1 ¶ 15.) Waits alleges that a FOPS would have prevented the branch from striking the decedent in this manner and, therefore, would have prevented the decedent's death.

When he sold Waits the tractor, Sanders allegedly "represented to [Waits] that the subject tractor was suitable and safe to use for moving and clearing trees, branches, and dirt, and for other forestry and land-moving types of activities." (Doc. 1-1 ¶ 40.) Waits alleges that Sanders's representation "was negligently made because had Sanders exercised due care, he would have known the subject tractor was not suitable and safe for such activities without a FOPS." (*Id.* at ¶ 72). Further,

---

[1] The following facts are taken from Plaintiff's amended complaint (doc. 1-1), and the Court makes no ruling on their veracity.

Waits alleges that Martin Tractor "failed to warn, or adequately warn, ultimate users and consumers . . . of the [tractor's] dangers . . . when Martin Tractor was aware of the dangers." (Doc. 1-1 ¶ 30.) Martin Tractor allegedly "had knowledge of existing conditions and knew that personal injury or death from objects entering the operator's compartment would likely or probably result from its acts and omissions." (*Id.* ¶ 35.) Martin Tractor had this knowledge "from its experience with tractors substantially similar to the subject tractor, from its awareness of likely work scenarios for the subject tractor, and from reports about the actual use of such tractors in the field, and from claims and lawsuits, where in fact operators were injured or killed." (*Id.*)

Waits sued several defendants in state court for wrongful death, including Sanders and Martin Tractor. Waits alleges that Martin Tractor is liable (1) under the AEMLD and (2) for negligence or wantonness.[2] Further, Waits alleges that Sanders is liable for negligent misrepresentation, and that Martin Tractor is vicariously liable for Sanders's misrepresentation under the doctrine of *respondeat superior*.

---

[2] The judicially-created AEMLD "did not subsume a common-law negligence or wantonness claim." *Wyeth, Inc. v. Weeks*, 159 So. 3d 649, 656 (Ala. 2014).

## II. STANDARD OF REVIEW

This Court, like all federal courts, is a court of "limited jurisdiction." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). It is authorized to hear only those cases falling within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)).

To remove an action filed in state court, the defendant must file notice of removal with the district court within 30 days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(a)–(b). Where multiple defendants are involved, "the limitations period for removal expires upon thirty days from service on the . . . last-served defendant." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1203 (11th

Cir. 2008). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

For removal to be proper, the court must have subject-matter jurisdiction over the action. *See Caterpillar Inc.*, 482 U.S. at 392. Because Kubota Defendants removed this action, they have the burden of establishing that the case was properly removed. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (internal citation and quotation marks omitted).

The burden on the removing party to prove fraudulent joinder is a "heavy one." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (per curiam) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 1333 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983), *superseded by statute*, 28 U.S.C. § 1441(a), *on other grounds as recognized in Stillwell*, 663 F.3d at 1333). The pleading standard for surviving fraudulent joinder is "is a lax one." *Id.* at 1332–33.

Rather than the plausibility standard, which requires the complaint to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), a claim of fraudulent joinder can be defeated by a showing that the claim has "a possibility of stating a valid cause of action," *Stillwell*, 663 F.3d at 1333 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). When assessing possibility, the Eleventh Circuit has stated that "[i]n considering *possible* state law claims, possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (internal citations omitted). In other words, "[t]he potential for legal liability 'must be reasonable, not merely theoretical.'" *Id.* (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). Further, any ambiguities in the state substantive law must be resolved in the plaintiff's favor. *Stillwell*, 663 F.3d at 1333.

To determine whether the claim possibly states a valid cause of action, the court must look to the pleading standards of the state court rather than federal court. *Id.* at 1334. The Supreme Court of Alabama has stated that "a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no

set of facts in support of the claim that would entitle the plaintiff to relief." *Haywood v. Alexander*, 121 So. 3d 972, 974–75 (Ala. 2013) (quoting *Nance v. Matthews*, 662 So. 2d 297, 299 (Ala. 1993)).

## III. DISCUSSION

At issue is whether Defendants Martin Tractor and Sanders were fraudulently joined in this action due to their status as innocent sellers under Ala. Code § 6-5-521, which would immunize them from Waits's negligence and AEMLD claims. Waits contends that Martin Tractor and Sanders were not fraudulently joined because the claims arise out of their "independent acts," which the statute explicitly excludes from innocent seller immunity. *See* Ala. Code § 6-5-521(b)(4). The Kubota Defendants counter that the claims against Martin Tractor and Sanders are covered by the innocent seller statute; therefore, those claims and Defendants should be dismissed from the case, preserving federal diversity jurisdiction. (Doc. 9 at 7–9.) They submit an affidavit from Sanders, who states that he was not "aware of any specific safety issues related to" the subject tractor. (Doc. 9-1 ¶ 14.) The Kubota Defendants further argue that because Martin Tractor and Sanders did not have "any involvement in the manufacturing or design of the tractor at issue," they are immune from liability. (Doc. 9 at 7.) This analysis is incomplete, however, because

it ignores the "independent acts" for which sellers and their representatives may still be liable.

Alabama's "innocent seller" statute protects "distributors who are merely conduits of a product" by affording them immunity from suit. Ala. Code § 6-5-521(b). However, the statute does not protect distributors from "independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud." *Id.* In short, the statute immunizes innocent sellers from strict liability, but not from their independent torts or breaches of warranty. Under Alabama law, then, to prove fraudulent joinder, it must "appear[] beyond doubt that the plaintiff can prove no set of facts in support of the claim," *Haywood*, 121 So. 3d at 974–75, that the diversity-destroying defendants engaged in "independent acts" that might subject them to liability, Ala. Code § 6-5-521.

Since the innocent seller statute was implemented in 2011, Alabama courts have not weighed in on what "independent acts" fall outside the protection afforded by § 6-5-521(b). In *Barnes v. General Motors, LLC*, however, the Northern District of Alabama considered a similar situation in which an Alabama plaintiff brought a products liability suit against a group of defendants, including Alabama dealerships that sold a car from which the airbags had been removed, resulting in the driver's

death. No. 2:14-CV-00719-AKK, 2014 WL 2999188, at *1 (N.D. Ala. July 1, 2014). While this Court is certainly not bound by *Barnes*, its analysis is helpful. In *Barnes*, the removing defendants argued that the dealerships were fraudulently joined because they were immune from liability under the innocent seller statute. *Id.* at *3. The court held that the removing defendants had failed to meet the "heavy burden" required to establish fraudulent joinder. *Id.* at *6. The court explained that the plaintiff's claims were not simply that the dealerships "unknowingly [sold] [a car] that later prove[d] to be defective." *Id.* at *5. Rather, the plaintiff claimed that the dealerships sold a car they knew was dangerous, and they failed to warn the decedent of those dangers. *Id.* at *3–5. The court further stated, "[I]t is plausible that the drafters of legislation entitled the Innocent Sellers Act did not intend for it to immunize sellers who deliberately choose to sell dangerous products to unwary customers." *Id.* at *5.

In his amended complaint, Waits alleges that Martin Tractor "failed to warn, or adequately warn, ultimate users and consumers . . . of the [tractor's] dangers [from not having a FOPS] . . . when Martin Tractor was aware of the dangers." (Doc. 1-1 ¶ 30.) Martin Tractor allegedly "knew that personal injury or death from objects entering the operator's compartment would likely or probably result from its acts and omissions." (*Id.* ¶ 35.) Martin Tractor had this knowledge from its

experience with similar tractors. (*See id.*) Further, Waits alleges that Sanders "represented to [him] that the subject tractor was suitable and safe for moving and clearing trees," (*id.* at ¶ 40), and that "[t]his representation was negligently made because had Sanders exercised due care, he would have known the subject tractor was not suitable and safe for such activities without a FOPS," (*id.* at ¶ 72).

Like the plaintiff in *Barnes*, Waits does not merely claim that Martin Tractor and Sanders unknowingly sold a product that later proved to be defective. Rather, Waits alleges that Martin Tractor and Sanders knew or should have known that the tractor was dangerous, and that they sold the tractor without warning of those dangers or negligently misrepresented the tractor as safe. (*Id.* at ¶¶ 40, 72.) In his affidavit (doc. 9-1), Sanders does not deny making the representation, nor does he state that he exercised due care. He does state that he was not "aware of any specific safety issues related to" the subject tractor (doc. 9-1 ¶ 14), but "that is not the same thing as exercising due care before making a representation," (doc. 15 at 9). Further, Alabama courts have not spoken to the meaning of "independent acts" within the innocent seller statute, and this Court must resolve this ambiguity in the state substantive law in Waits's favor. *See Stillwell*, 663 F.3d at 1333.[3]

---

[3] The Kubota Defendants argue that Waits's negligent misrepresentation claim fails as a matter of law because it is a fraud claim that did not survive the decedent's death. (*See* Doc. 9 at 7.) But here, Waits claims that the alleged fraud caused the decedent's death, placing it squarely within Alabama's wrongful death statute. *See* Ala. Code § 6-5-410(a) ("A personal representative

The Kubota Defendants in this case have failed to carry the "heavy burden" to establish fraudulent joinder. *Id.* at *6. Given the potential liability of Martin Tractor and Sanders for "independent acts" from which they are not immune under the innocent seller statute, Waits's claims have a reasonable possibility of stating a claim under Alabama law. *See Stillwell*, 663 F.3d at 1333; *Legg*, 428 F.3d at 1325 n.5. This possibility is enough to clear the low bar for surviving a claim of fraudulent joinder.[4]

## IV. CONCLUSION

For the reasons stated above, this Court lacks subject matter jurisdiction over this case. Therefore, the Kubota Defendants' motion (doc. 5) is DENIED, and this case is due to be remanded to the Circuit Court of Tuscaloosa County, Alabama. Additionally, the Motions to Dismiss filed by Defendant Martin Tractor (doc. 14) and Defendant Sanders (doc. 20); the Motion for HIPAA Order filed by the Kubota Defendants (doc. 24); and the parties' Motion for Extension of Time (doc. 25) are

---

may commence an action . . . for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her or their servants or agents, whereby the death of the testator or intestate was caused, provided the testator or intestate could have commenced an action for the wrongful act, omission, or negligence if it had not caused death.").

[4] The Kubota Defendants also argue that Waits failed to create an issue of fact to support his wantonness claim against Martin Tractor. Because Waits's claims of negligence or negligent misrepresentation possibly state a cause of action under Alabama law, this Court need not expound upon the wantonness claim.

due to be resolved by the state court, as this Court has no subject matter jurisdiction over this case.

A separate Order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on October 4, 2019.

L. Scott Coogler
United States District Judge

199335